THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES HADLEY, Appellant, against NEW YORK STATE DEPARTMENT OF CORRECTION, Respondent.

Fourth Department, July 1, 1960.

*James Hadley,* appellant in person.

*Louis J. Lefkowitz, Attorney-General (Paxton Blair* and *William S. Elder, Jr.,* of counsel), for respondent.

MEMORANDUM BY THE COURT. The conviction of the relator of the crime of burglary in Texas cannot be treated as the equivalent of a felony conviction in this State, for the purpose of applying section 219 of the Correction Law. Under the Texas statute (Penal Code of Texas, art. 1394), the word " breaking " is defined as including " the entry at a chimney, or other unusual place ". The decisional law of Texas is to the effect that the entry through an open window may be found to be an entry at an unusual place and therefore a breaking within the Texas statute (*Alexander* v. *State,* 31 Tex. Cr. Rep. 359; *Davis* v. *State,* 52 Tex. Cr. Rep. 332; *Thomas* v. *State,* 131 Tex. Cr. Rep. 269; *Parrish* v. *State,* 138 Tex. Cr. Rep. 150; *Anthony* v. *State,* 151 Tex. Cr. Rep. 240).

The New York statute (Penal Law, § 400) defines " breaking " as including entering " by or through any pipe, chimney, or other opening ". The words " or other opening ", read in context, refer to openings similar to pipes or chimneys, such as ventilators or similar devices which are constructed as permanent openings. The Texas cases, on the other hand, do not limit the words " other unusual place " in the Texas statute to permanent openings like chimneys but include any opening, even though temporary, which it is unusual to use as a means of entry, thus embracing entry through an open window. Under the New York statute, entry through an open window is not a " breaking " and therefore could not be the basis of a charge of the felony of burglary but could constitute only the misdemeanor of unlawful entry (Penal Law, § 405).

The relator was convicted twice of the crime of burglary in Texas. The indictments, upon which the Texas convictions were founded, charged in general terms that the relator " did break and enter a house " with the intent to commit a crime therein. In view of the broad meaning given to the word " breaking "

by the Texas statute as construed by the Texas decisions, we cannot say that the offenses, if committed within this State, would have constituted felonies. It was therefore erroneous to hold that section 219 of the Correction Law was applicable. The relator has already served the full term for which he could lawfully be held in custody and therefore the writ of habeas corpus should be sustained.

McCLUSKY, J. (dissenting). I vote for affirmance of the order denying a writ of habeas corpus. The relator in his original petition claimed that the burglary, of which he had been convicted in Texas, was under article 1391 of the Texas Penal Code and that the crime charged thereunder was not a felony under New York State law but a misdemeanor.

With reference to that claim, I wish to point out the case law of Texas holds that such an indictment must allege the breaking and entering of a " private residence ". Failing to do so, the indictment is not good. (*Litchfield* v. *State,* 159 Tex. Cr. Rep. 5.) The indictments of which relator was convicted did not contain that essential allegation, so it was not a misdemeanor under New York law.

Under section 219 of the Correction Law of this State, if relator while on parole, as he was, shall commit a crime under the laws of another State, which if committed within this State would be a felony, and be convicted thereof, he shall, upon return to this State, be compelled to serve in State prison the portion remaining of the maximum term on which he was released on parole. The Texas statutes and indictments label the burglary of which he was convicted there as a felony. Section 400 of the Penal Law of this State defines " break " as *meaning* and including, among other items, an opening of any window, shutter, scuttle or other thing used for covering or closing an opening therein or thereto. The term also includes entering by or through any pipe, chimney or other opening, apparently referring back to section 400. Article 1394 of the Texas Penal Code provides as follows: " By ' breaking,' as used in this chapter [burglary], is meant that the entry must be made with actual force. The slightest force, however, is sufficient to constitute breaking; it may be by lifting the latch of a door that is shut, or by raising a window, the entry at a chimney, or other unusual place, the introduction of the hand or any instrument to draw out the property through an aperture made by the offender for that purpose." The definition of breaking is the first sentence. The statutory illustrations of the quantum of force is not part of the definition. The definition thus given is in essence that

of New York. I believe, therefore, that the definitions are the same and that the felonies for which the relator was indicted in Texas would be and are felonies in New York State.

The decision of the Court of Appeals in *People* v. *Olah* (300 N. Y. 96) limits us to a consideration of the Texas statutes and the indictments. The manner, in which the crimes were committed, is beyond our judicial cognizance.

For the above reasons, I vote for affirmance.

All concur, except McCLUSKY, J., who dissents and votes for affirmance, in a separate opinion. Present—BASTOW, J. P., GOLDMAN, HALPERN and McCLUSKY, JJ.

Order reversed, without costs of this appeal to either party, writ sustained, and relator discharged from custody.